UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TREMAINE POLK,

               Petitioner,

vs.                                         Case No.   2:07-cv-247-FtM-29DNF

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,

               Respondent.
_____

## ORDER OF DISMISSAL

Petitioner, Tremaine Polk, initiated this action by filing a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Docs. #1, Petition) on April 16, 2007.[1] The Petition challenges Petitioner's February 18, 2000, state court judgment of convictions, to which Petitioner entered *nolo contendere* pleas, for Attempted Robbery with a Firearm and Mask, Grand Theft Auto, Burglary of a Structure, Attempted Robbery with a Firearm, two counts of Robbery with a Firearm, and Aggravated Battery (case nos. 98-418-CF, 98-504-CF, 98-505-CF, 89-506-CF, and 98-507-CF) entered in the Twelfth Judicial Circuit Court, DeSoto County, Florida. Petitioner was sentenced to concurrent sentences of:  17 years and 27 days in prison on two robbery counts (case no. 98-507-CF); 15

---

[1] The Petition (Doc. #1) was docketed and filed in this Court on April 19, 2007; however, the Court applies the "mailbox rule" and deems the Petition "filed on the date it was delivered to prison authorities for mailing." Alexander v. Sec'y Dep't of Corr., 523 F.3d 1291, 1294 n.4 (11th Cir. 2008).

years in prison on the two attempted robbery counts and the aggravated battery count (case nos. 98-418-CF, 98-506-CF and 98-507-CF) and five years on the grand theft count (case no. 98-504-CF). Exh. #1. The Petition asserts the following two grounds for relief: 1) trial counsel was ineffective for failing to assert that no pre-sentence report was prepared; and 2) Petitioner's sentence is illegal because the sentence was imposed without the benefit of a pre-sentence report; thus, the court did not know where the Defendant scored out to warrant the sentence imposed. Petition at 6-7.

In compliance with the Court's January 3, 2008 Order (Doc. #8), Respondent filed a Response to the Petition for Writ of Habeas Corpus on March 12, 2008 (Doc. #11, Response). Respondent submits that the Petition is time barred. Response at 4. Alternatively, Respondent contends that the claims should be dismissed as procedurally barred, or because they fail to raise a federal constitutional question. Id. Respondent filed exhibits in support of his contention (Exhs. ##1-7).[2] After not receiving a reply to the Response, the court issued a show cause order to Petitioner. See Order of Court dated April 17, 2008 (Doc. #14). On May 7, 2008, instead of filing a reply to the Response to address the timeliness issue, Petitioner filed a motion (Doc. #15, Motion) requesting that the Court issue "a stay or injunction pending

---

[2]The Court refers herein to the exhibits that are referenced in and submitted in support of the Response as "Exh."

-2-

appeal." Motion at 1. In particular, Petitioner requests permission to stay this action in order to exhaust his claims in the State court. Id. at 3. This case is now ripe for review.

**I.**

The Court will first address Petitioner's Motion requesting a stay of this action in order that Petitioner may exhaust his claims. In Rhines v. Weber, 544 U.S. 269 (2005), the Supreme Court approved the use of a "stay and abeyance" procedure in certain instances where a mixed federal habeas corpus application contains both exhausted and unexhausted claims. However, a stay and abeyance is available only if (1) the petitioner had "good cause" for failing to exhaust the claims in state court, (2) the unexhausted claims are "potentially meritorious," and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. Id. at 277-78. Here, Petitioner has not shown good cause for his failure to exhaust either claim to the state courts in a timely fashion. Further, even if Petitioner were able to correct that deficiency, the Petition does not contain an exhausted claim. Thus, there is no basis for the Court to retain jurisdiction over the Petition. Further, as noted by the Supreme Court, "[s]taying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petition to delay the resolution of the federal proceedings." Id. at 277. Thus, the Court will deny Petitioner's motion to stay this action and turn to the issue of whether the Petition is time barred.

**II.**

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter AEDPA). This law amended 28 U.S.C. § 2244 by adding the following new subsection:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall

>           not be counted toward any period of limitation
>           under this subsection.

28 U.S.C. § 2244(d).

Petitioner did not file a direct appeal in this matter. Thus, Petitioner's State convictions became final on March 20, 2000. Since this was after the April 24, 1996, effective date of the AEDPA, Petitioner's one-year time period for filing a federal habeas challenging his conviction expired on **March 20, 2001**. Consequently, the Petition filed in this Court on April 17, 2007 would be untimely unless the time period was tolled.

Here, Petitioner did not file a collateral motion until August 6, 2003, when he filed a Florida Rule of Criminal Procedure 3.800(c) motion to mitigate sentence. Exh. #2. The Rule 3.80 motion was denied as untimely. Exh. #3. Petitioner did not appeal the post conviction trial court's finding that the Rule 3.80 motion was untimely. Instead, on November 27, 2005, Petitioner filed a petition for application of rehearing. Exh. #4. On May 6, 2006, the post conviction trial court denied the petition as untimely. Exh. #5. Petitioner thereafter filed a motion for reconsideration on May 24, 2006. Exh. #6. The circuit docket sheet does not reflect that the circuit issued a ruling in response to Petitioner's May 24th motion, Exh. #7, but this is not pertinent to determining the timeliness of the Petition.

Thus, the record clearly reflects that Petitioner did not file a collateral motion in State court until August 6, 2003 (which was

dismissed as untimely), well <u>after</u> the federal one-year limitations period had expired.  "Once the AEDPA's limitations period expires, it cannot be reinitiated." <u>Davis v. McDonough</u>, No. 8:03-CV-1807-T-27TBM, 2006 WL 2801986, *4 (M.D. Fla. Sept. 27, 2006)(citing <u>Tinker v. Moore</u>, 255 F.3d 1331, 1333-34 (11th Cir. 2001), <u>cert. denied</u>, 534 U.S. 1144 (2002)).  Thus, the Court need not determine whether the Rule 3.800 motion was properly filed because a collateral motion "filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled." <u>Webster v. Moore</u>, 199 F.3d 1256, 1259 (11th Cir. 2001).  Petitioner has not shown any justifiable reason why the dictates of the one-year federal limitations period should not be imposed upon him.

Therefore, it is now

**ORDERED and ADJUDGED:**

1. Petitioner's motion to stay, contained within Petitioner's Response to the Order to Show Cause (Doc. #15), is **DENIED**.

2. The Petition is **DISMISSED** as time barred.

3. The **Clerk of the Court** shall enter judgment accordingly and close this case.

**DONE AND ORDERED** in Fort Myers, Florida, on this __21st__ day of October, 2008.

JOHN E. STEELE
United States District Judge

SA: hmk
Copies: All Parties of Record